# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WINDSOR W. KESSLER, III, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 18-cv-2011-NJR |
| WILLIAM TRUE, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Petitioner Windsor W. Kessler, III, an inmate currently incarcerated at the United States Penitentiary in Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his halfway house placement, or rather, the lack thereof. Specifically, Kessler alleges that he requested nine to eleven months of halfway house placement, but his case manager told him that he recommends six months for everyone, regardless of relevant criteria. (Doc. 1, pp. 7-8).

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the Petition in this case, the Court concludes that Kessler is not entitled to relief, and this action must be dismissed.

1

## Discussion

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a prisoner is challenging the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3).

First, there is some disagreement among the district courts in the Seventh Circuit as to whether a habeas corpus petition is the proper vehicle to make a claim regarding halfway house placement. *See Woolridge v. Cross*, No. 14-963-DRH, 2014 WL 4799893 (S.D. Ill. Sept. 26, 2014) (finding that claim must be brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)); *Stokes v. Cross*, No. 13-998-CJP, 2014 WL 503934, at *2 (S.D. Ill. Feb. 7, 2014) (same); *Moody v. Rios*, No. 13-1034, 2013 WL 5236747 (C.D. Ill. Sept. 17, 2013) (finding that halfway house placement can be addressed under Section 2241); *Feazell v. Sherrod*, No. 10-901-GPM, 2010 WL 5174355 (S.D. Ill. Dec. 16, 2010) (same); *Pence v. Holinka*, 09-cv-489-SLC, 2009 WL 3241874 (W.D. Wis. Sept. 29, 2009) (same).

Requests for quantum change in the level of custody, such as outright freedom, probation, etc., are typically brought as habeas corpus actions, while requests for a change in the circumstances of confinement are typically brought as civil rights actions. *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). "Put differently, if the prisoner is not seeking release, or release is not available as a remedy to the prisoner's claims, then 'his challenge can only concern the conditions of his confinement, not the fact of his confinement. As such, he may not proceed with a habeas petition.'" *Stokes v. Cross*, No. 13-998-CJP, 2014 WL 503934, at *2 (S.D. Ill. Feb. 2014)

(citing *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005)). Accordingly, the Court finds that Kessler has not invoked the proper vehicle for relief.

Even if this was the correct method to raise Kessler's claims, they would likely still fail. 18 U.S.C. § 4001 grants the Attorney General authority to manage federal correctional institutions, and that authority has been delegated to the Bureau of Prisons ("BOP"). 28 C.F.R. § 0.96; BOP Program Statement 5100.08. It is well-settled that prison officials have discretion over prisoner classifications and that prisoners have no legitimate due process concerns with respect to such classifications. *Moody v. Daggett,* 429 U.S. 78, 88 n. 9 (1976). *See also, Olim v. Wakinekona,* 461 U.S. 238, 245 (1983) (holding that a prisoner has no constitutional right to select a particular correctional facility for his placement or to be transferred to a different facility upon request.) "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Hewitt v. Helms,* 459 U.S. 460, 468 (1983).

Because the Court finds that Kessler's claims are not cognizable in a habeas corpus proceeding and would likely fail even if they were pursued in an appropriate action, the Court will dismiss the Petition with prejudice.

## Disposition

For the reasons set forth above, the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED with prejudice**.

If Kessler wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis should set forth the issues Kessler plans to present on appeal. *See* Fed. R. App.

P. 24(a)(1)(C). If Kessler chooses to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for Kessler to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: December 21, 2018

**NANCY J. ROSENSTENGEL**
**United States District Judge**