# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WINDSOR W. KESSLER, III, #53740-037, | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) Case No. 18-cv-02011-NJR ) ) |
| WILLIAM TRUE, III, | ) ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Kessler's Motion for Reconsideration. (Doc. 5). Kessler, an inmate of the Bureau of Prisons ("BOP") incarcerated at the United States Penitentiary in Marion, Illinois (Doc. 1), filed this habeas corpus action pursuant to 28 U.S.C. § 2241 challenging his halfway house placement. Specifically, Kessler alleges that he requested nine to eleven months of halfway house placement, but his case manager told him that he recommends six months for everyone, regardless of relevant criteria. (Doc. 1, pp. 7-8). The Court dismissed the petition because Kessler's claims are not cognizable in a habeas corpus proceeding and would likely fail even if they were pursued in an appropriate action. (Doc. 3, p. 3).

The Federal Rules of Civil Procedure do not explicitly contemplate motions to reconsider. Nevertheless, the Seventh Circuit has approved of district courts construing motions pursuant to the standards set forth in Federal Rule of Civil Procedure 59(e) or 60(b) if it appears that a party is requesting relief available under those Rules. *U.S. v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). "[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed

1

to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). A motion to reconsider filed more than 28 days after entry of the challenged order "automatically becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994).

Rule 59(e) allows a court to alter or amend a judgment in order to correct manifest errors of law or fact or to address newly discovered evidence. *Obriecht*, 517 F.3d at 494. "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted).

Rule 60(b) sets forth a more exacting standard than Rule 59(e), although it permits relief from a judgment for a number of reasons, including mistake or "any other reason justifying relief from the operation of judgment." Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is an extraordinary remedy and is only granted in exceptional circumstances. *McCormick v. City of Chicago,* 230 F.3d 319, 327 (7th Cir. 2000). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

Kessler's motion fails under either standard. He simply rehashes arguments already raised in his initial petition. Further, his contention that the Court misconstrued his claim as a challenge to the conditions of confinement, as opposed to a challenge to the procedure used to evaluate him for halfway house confinement, evidences a misunderstanding of the issue addressed by the Court. A habeas petition under Section 2241 is the proper vehicle for relief where a prisoner is challenging the ***fact or duration of his confinement***. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). Kessler is not challenging either the fact or duration of his confinement. He is not seeking release from confinement. *See Glaus v. Anderson*,

408 F.3d 382, 382 (7th Cir. 2005) ("If the prisoner is seeking what can be fairly described as a quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, ... then habeas corpus is his remedy."). A complaint related to his halfway house confinement is a challenge to the *conditions* of his confinement, not the *fact* or *duration* of his confinement. He is not, therefore, seeking relief available under Section 2241. Thus, the motion for reconsideration (Doc. 5) is **DENIED**.

If Kessler wishes to appeal this dismissal, he may file a notice of appeal with the Court within thirty (30) days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* should set forth the issues Kessler plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Kessler does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Kessler may also incur a "strike."

    **IT IS SO ORDERED.**

    DATED: 8/5/2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**